IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHELLE A. CESSOR                                                                                             PLAINTIFF

vs.                                                     Civil No. 6:15-cv-06050

CAROLYN W. COLVIN                                                                                           DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Michelle A. Cessor ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability application on April 9, 2012.  (Tr. 12, 132-135). Plaintiff alleges being disabled due to post-traumatic stress disorder, manic depression, bipolar disorder, and anxiety. (Tr. 159).  Plaintiff alleges an onset date of April 9, 2012.  (Tr. 12, 132).  This application was denied initially and again upon reconsideration.  (Tr. 70-71).  Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted.  (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

83-102).

This hearing was held in Hot Springs, Arkansas on June 17, 2013. (Tr. 36-69). Plaintiff was present at this hearing and was represented by Donna Price. *Id.* Plaintiff, Vocational Expert ("VE") James Wallace, and a witness for Plaintiff testified at the hearing in this matter. *Id.* During this hearing, Plaintiff testified she was thirty (30) years old. (Tr. 43). Such an individual is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008). As for her education, Plaintiff testified she only completed the tenth grade in school. (Tr. 43).

On September 24, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 9-30). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 9, 2012, her application date. (Tr. 14, Finding 1). The ALJ determined Plaintiff had the following severe impairments: cannabis dependence (in reported remission) and personality disorder (not otherwise specified) with borderline and dependent traits. (Tr. 14, Finding 2). The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-15, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 16-28, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels, but with nonexertional limitations. The claimant has a fifth grade reading and mathematics level however, she has the ability to understand, remember and carry out simple job instructions learned by short demonstration or by rote. She

>  is able to make judgments within simple work situations and to respond appropriately to co-workers and supervisors with occasional or incidental contact that is not essential for the performance of required job duties.  She is also able to respond appropriately to minor changes in the usual work routine.

(Tr. 16-28, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW. (Tr. 28, Finding 5).  The ALJ then considered whether Plaintiff would be able to perform other work existing in significant numbers in the national economy.  (Tr. 29, Finding 9).  The VE testified at the administrative hearing regarding this issue.  *Id.*  Considering that testimony, the ALJ determined Plaintiff retained the capacity to perform the following skill-level SVP-2[2] occupations: (1) cook helper (medium, SVP-2) with 534,000 such jobs nationally and 4,200 such jobs in Arkansas; (2) kitchen helper (medium, SVP-2) with 381,700 such jobs nationally and 3,000 such jobs in Arkansas; and (3) housekeeper (light, SVP-2) with 221,600 such jobs nationally and 1,860 such jobs in Arkansas.  (Tr. 29, Finding 9).  Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, and Plaintiff had not been under a disability, as defined in the Act, from April 9, 2012 (application date) through September 24, 2013 (ALJ's decision date).  (Tr. 29, Finding 10).

Thereafter, on November 26, 2013, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  (Tr. 7).  The Appeals Council denied this request for review on March 18, 2015.  (Tr. 1-3).  On May 19, 2015, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on May 26, 2015.  ECF No. 7.  Both Parties have filed appeal briefs.  ECF Nos. 12-13.  This case is now ready for decision.

---

[2] According to the *Dictionary of Occupational Titles,* an SVP-2 occupation requires the following training: "Anything beyond short demonstration up to and including 1 month."

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises the following two arguments for reversal: (1) the ALJ erred when he assessed Plaintiff's RFC; and (2) the ALJ failed to sustain his burden at Step Five of the Analysis. ECF No. 12. Specifically, under Plaintiff's second argument, Plaintiff claims the ALJ's findings were in conflict with the *Dictionary of Occupational Titles*, and the ALJ's disability determination requires reversal for this reason. *Id.* Upon review, the Court finds Plaintiff is correct in her argument that the VE's testimony conflicts with the *Dictionary of Occupational Titles.* Thus, only this issue will be addressed.

At Step Five of the Analysis, the VE identified three occupations Plaintiff retained the capacity of performing: (1) cook helper (medium, SVP-2) ; (2) kitchen helper (medium, SVP-2);

and (3) housekeeper (light, SVP-2). (Tr. 29). All three of these occupations have a skill level of "SVP-2." According to the *Dictionary of Occupational Titles,* an SVP-2 occupation requires the following amount of training: "Anything *beyond* short demonstration up to and including 1 month." (emphasis added). Based upon the ALJ's RFC determination, however, Plaintiff *only* has the "ability to understand, remember and carry out simple job instructions *learned by short demonstration or by rote*." (emphasis added). Thus, based upon the ALJ's RFC finding, Plaintiff cannot perform a job with a training level *beyond* a short demonstration.

According to Social Security Ruling 00-4p, the ALJ has the responsibility of determining whether the VE's testimony is consistent with the *Dictionary of Occupational Titles* and *Selected Characteristics of Occupations*. If that testimony is not consistent with those publications, the ALJ then has a duty to resolve that conflict. *SSR* 00-4p ("our adjudicators must: [i]dentify and obtain a reasonable explanation for any conflicts . . . [e]xplain in the determination or decision how any conflict that has been identified was resolved"). Here, although it appears the ALJ requested that the VE explain any conflict between his testimony and the *Dictionary of Occupational Titles*[3], the ALJ did not recognize this particular conflict and did not resolve it. (Tr. 67-69). Because the ALJ erred in this determination, and failed to resolve the inconsistency between the VE's testimony and the *Dictionary of Occupational Titles*, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence. Thus, this case is reversed and remanded. A

---

[3] The ALJ directed the VE as follows: "I just remind you, that in your testimony today, if you have an opinion that differs from the information in the Dictionary of Occupational Titles, you need to let me know and explain why." (Tr. 40). Despite this directive, the VE did not explain this conflict. (Tr. 67-68).

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of February 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE